FILED - USDC -NH
2025 DEC 17 AM 9:19

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 25-cr-98-01-SE-TSM |
| | ) |
| DAVID GUIMOND, | ) Conspiracy to Smuggle Goods into the United States |
| Defendant. | ) (18 U.S.C. §§ 371 and 545) |

## INFORMATION

The Unites States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

#### The Defendant and Related Individuals and Entities

1. MGI International LLC ("MGI International") was a global plastic resin distributor headquartered in New York, New York. Global Plastics LLC ("Global Plastics"), headquartered in Manchester, New Hampshire, and Marco Polo International LLC ("Marco Polo"), headquartered in Melville, New York, were subsidiaries of MGI International.

2. Global Plastics and Marco Polo were importers of record of plastic resin. As the importers of record, they were responsible for (a) ensuring that imported resin was accompanied with accurate entry documentation, including the appropriate country of origin information; and (b) the payment of any duties and fees owed on these entries.

3. The defendant **DAVID GUIMOND** was a resident of New Hampshire. He was the Chief Operating Officer of MGI International, Global Plastics, and Marco Polo, and a shareholder of MGI International.

4. Individual 1 was a Vice President of Operations for Global Plastics and Marco Polo.

5. Individuals 2, 3, 4, and 5 were employees at Global Plastics and/or Marco Polo.

## Importing Goods into the United States

6. U.S. Customs and Border Protection ("CBP"), an agency of the U.S. Department of Homeland Security, was responsible for examining goods entering the United States to ensure they were admissible under, and in compliance with, federal laws and regulations. CBP was also responsible for assessing and collecting import duties, taxes, and fees on certain imported goods.

7. CBP Entry Forms 7501 and 3461 required an importer of record to provide specific and truthful information pertaining to imported goods, including a description of the goods, as well as their manufacturer, value, and country of origin. The information entered on these forms enabled CBP to properly assess import duties and determine whether other applicable legal requirements were met. For example, CBP used the declared country of origin of the goods to determine whether the goods were subject to special import duties.

8. Section 301 of the Trade Act of 1974 ("Section 301"), as amended, authorized the Office of the U.S. Trade Representative ("USTR") to impose import duties in response to unfair trade practices by foreign countries. Such unfair trade practices included violations of U.S. trade agreements, as well as unreasonable or discriminatory practices that burdened or restricted U.S. commerce.

## Section 301 Tariffs Imposed on Chinese-Origin Plastic Resin

9. Plastics resins, such as polypropylene and polyethylene, are versatile thermoplastics that are commonly found in everyday items, including packaging and consumer goods.

10. Beginning in or around 2018, the United States imposed Section 301 tariffs on a

variety of Chinese goods, including a broad category of plastic resin products. Many of these resins, regardless of the country of origin, already carried a primary duty rate of approximately 6.5% of their total declared value. Beginning in or around 2018 and continuing through in or around 2024, certain plastic resin products originating in China were subject to an additional Section 301 duty rate of 25%.

## COUNT ONE
Conspiracy to Smuggle Goods into the United States
18 U.S.C. §§ 371 and 545

11. Paragraphs 1 through 10 are hereby realleged and incorporated by reference as though fully set forth herein.

12. Beginning in or around March 2021, and continuing through in or around April 2024, in the District of New Hampshire and elsewhere, the defendant,

**DAVID GUIMOND,**

did knowingly and intentionally, that is, with the intent to advance the conspiracy, combine, conspire, and agree with other individuals, known and unknown, to commit certain offenses against the United States, namely:

a. Passing False and Fraudulent Papers Through Customhouse, in violation of Title 18, United States Code, Section 545; and

b. Importing or Bringing into the United States Merchandise Contrary to Law, in violation of Title 18, United States Code, Section 545.

## Objects of the Conspiracy

13. The objects of the conspiracy were to (a) avoid the payment of duties; (b) secure financial gain for the defendant and his Companies; and (c) conceal the true country of origin for the imported resin from CBP by importing, entering, and selling Chinese-origin plastic resin in the

3

United States using false declarations.

## Manner and Means of Conspiracy

14.    In furtherance of the conspiracy, and to accomplish its objects, **DAVID GUIMOND** and his co-conspirators, known and unknown, used the following manner and means, among others:

15.    Beginning in and around 2021, a weather event in the United States disrupted the domestic plastic resin market. As a result, Global Plastics and Marco Polo began importing quantities of resin from countries other than the United States, including China. During this time, certain plastic resin originating from China was subject to the additional 25% Section 301 duty rate.

16.    In order to avoid the assessment of applicable duties the USTR imposed on plastic resin from China, **DAVID GUIMOND**, together with his co-conspirators and others, caused Global Plastics and Marco Polo to import plastic resin originating in China into the United States with false country of origin declarations by inputting manufacturers and countries of origin other than China on paperwork submitted to CBP.

17.    **DAVID GUIMOND**, together with his co-conspirators, caused the creation of false entry invoices, affidavits, and other entry documents which falsely stated that Chinese resin originated in other countries, including Taiwan.

18.    It was further part of the conspiracy that for certain imports from Canada, **DAVID GUIMOND**, together with his co-conspirators, caused plastic resin to be repackaged in order to conceal from CBP that the product originated in China.

19.    Through the conspiracy, **DAVID GUIMOND** and his co-conspirators fraudulently evaded the payment of duties to CBP on Chinese-origin plastic resin, resulting in a loss of revenue

to the United States.

### Overt Acts

20.    In furtherance of the conspiracy and to accomplish its objects, the following overt acts were committed in the District of New Hampshire, and elsewhere:

   a. On or about March 5, 2021, **DAVID GUIMOND** texted Vice Presidents at Global Plastics and/or Marco Polo, including Individual 1, regarding the location to store plastic resin from China, "Has to be Canada its china resin. 25% extra dumping to usa."

   b. On or about May 5, 2021, **DAVID GUIMOND** texted Individual 2 and instructed Individual 2 to input Taiwan as the country of origin on a manufacturer's affidavit to a customs broker without regard for the true country of origin for the importation of certain lots that, in fact, contained some China resin. **DAVID GUIMOND** further instructed Individual 2 to instruct Individual 3 and Individual 4 to also input Taiwan as the country of origin for CBP paperwork.

   c. On or about May 6, 2021, **DAVID GUIMOND** emailed Individual 5 and instructed Individual 5 to claim Taiwan as the country of origin on CBP paperwork for a plastic resin shipment that was imported into the United States from a Canadian warehouse.

   d. On or about July 12, 2021, **DAVID GUIMOND** emailed Individual 2 and instructed Individual 2 to repackage plastic resin from bags to boxes that was shipped through Canada for importation into the United States in part to conceal the resin's country of origin was China.

5

All in violation of Title 18 United States Code Sections 371 and 545.
LORINDA I. LARYEA
Acting Chief, Fraud Section
Criminal Division

ERIN CREEGAN
United States Attorney
District of New Hampshire

By: _____
Jennifer Bilinkas
Siji Moore
Trial Attorneys, Fraud Section

M. Yasir Sadat
Assistant United States Attorney
Bar Association # DC1644401
53 Pleasant St., 4th Floor
Concord, NH 03301
yasir.sadat@usdoj.gov